UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **JAMAAL LAMONT MILLER** | **CIVIL ACTION NO. 5:16-cv-0619** |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **BAYOU DORCHEAT CORRECTION** | **MAGISTRATE JUDGE KAREN L. HAYES** |

**REPORT & RECOMMENDATION**

Pro se plaintiff, Jamaal Lamont Miller, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on May 5, 2016, while incarcerated at the Bayou Dorcheat Correction Center (BDCC), Minden, Louisiana.  Plaintiff has since been transferred to the Richwood Correctional Center, Monroe, Louisiana.. He complains that his religious rights were infringed upon while at BDCC when he was not provided a pork-free diet. He sued the BDCC and Warden John Lewis, praying for compensatory damages as well as a transfer to a different facility.[1] This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

Plaintiff has sued the Bayou Dorcheat Correction Center.  Fed.R.Civ.P. Rule 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held."  Thus, Louisiana law governs whether the BDCC has the capacity to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code Ann. art. 24.  The BDCC is not a

---

[1]Plaintiff's claims against Warden Jim Lewis have been addressed in a separate order.

juridical person and therefore, plaintiff's claims against the BDCC must be dismissed as frivolous.

Morever, plaintiff's request to be transferred to "another institution that abides in [his] faith of Islam has been rendered moot by his subsequent transfer to Richwood Correctional Center following the filing of the instant suit.

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's claims against the Bayou Dorcheat Correction Center be **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER RECOMMENDED THAT** plaintiff's request to be transferred be **DISMISSED** as **MOOT**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, October 20, 2016.

_____
**KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE**